IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRGINIA LEGASPI,

Plaintiff, CIV. NO. S- 07-0291 FCD GGH PS

vs.

CALIFORNIA LICENSED VOCATIONAL NURSES ASSOCIATION, INC., et al.,

Defendants. ORDER

_________________________________/

Previously pending on this court's law and motion calendar for April 10, 2008, was defendants' motion to compel plaintiff's deposition, and for sanctions. Nina Kani appeared telephonically on behalf of defendants. Plaintiff made no appearance, and did not file an opposition. Having heard oral argument and reviewed the motion, the court now issues the following order.

BACKGROUND

This action was filed on February 13, 2007. Plaintiff alleges various violations in connection with her termination by defendant St. Joseph's Medical Center ("St. Joseph's") on August 14, 2006. As a licensed vocational nurse, plaintiff alleges defendant California Licensed Vocational Nurses Association, Inc. ("CLVNA") denied her fair representation in filing a grievance on her behalf. She also alleges both CLVNA and St. Joseph's breached their collective bargaining agreement. Plaintiff seeks reinstatement of her job, immediate enforcement of the contract, and monetary damages.

As there is no opposition by plaintiff, the court relies on the facts as presented by defendants. Defendants originally noticed plaintiff's deposition on December 5, 2007. The

parties agreed to continue it because they were planning to go to arbitration. Plaintiff's counsel informed defendants that he was withdrawing as counsel on January 9, 2008. Defendants re-noticed plaintiff's deposition for January 30, 2008; however, on January 28, 2008 the court stayed discovery pending a ruling on plaintiff's counsel's motion to withdraw. On February 12, 2008, the court granted counsel's request to withdraw and continued the discovery cutoff to April 1, 2008. On February 22, 2008, defendant personally served plaintiff with a notice of deposition for March 10, 2008. Defendants followed up with numerous phone calls and voice mails to make sure plaintiff was available, apparently never reaching plaintiff. Plaintiff did not appear at the deposition. Defense counsel attempted to contact plaintiff after the deposition but was unable to reach her, leaving a message that she would have to go to court if she did not hear from plaintiff. Counsel finally reached plaintiff who informed Ms. Kani that she had retained new counsel but would not give the new counsel's name and refused to give new dates for a deposition without checking with her attorney. Plaintiff did not further respond as defense counsel requested.

Defendants seek an order compelling plaintiff to appear for her deposition, and to pay sanctions in the amount of $6,880.[1]

<u>DISCUSSION</u>

As this court informed defendants at hearing, the district court's scheduling order precludes the undersigned from acting to compel the deposition as the discovery deadline has passed.

Defendants request sanctions pursuant to Fed. R. Civ. P. 30(d)(3) and 37(a)(4). Fed. R. Civ. P. 37(a)(4)(A) provides that "[i]f [a motion to compel] is granted," the court shall require the party whose conduct necessitated the motion to pay reasonable expenses unless that

---

[1] Defendants originally requested $8,600 in sanctions in anticipation of spending four hours for the hearing; however, defense counsel appeared telephonically and amended the requested amount at hearing.

party was substantially justified or "other circumstances make an award of expenses unjust." Plaintiff did not appear at her deposition, did not respond to numerous communications from defendants, did not file an opposition to the motion, and did not appear for hearing. Plaintiff was not substantially justified in her actions.[2] If this court were not bound by the scheduling order, it would surely grant the motion to compel. It is limited, however, to awarding sanctions only. The court has reviewed defense counsel's declaration and finds the requested amount of $6,880 to be reasonable.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' March 18, 2008 motion to compel deposition and for sanctions is granted in part and denied in part.

2. Defendants are awarded sanctions in the amount of $6,880, to be paid by plaintiff to defense counsel within 20 days of this order.

DATED: 04/15/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Legaspi291.vac.wpd

---

[2] In fact, plaintiff's actions are so egregious that if defendants had requested sanctions under 28 U.S.C. § 1927, the court would consider granting them, based on plaintiff's "bad faith in multiplying the proceedings in this case 'unreasonably and vexatiously.'" See Wages v. I.R.S., 915 F.2d 1230, 1235-36 (9th Cir. 1990).