IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRGINIA LEGASPI,

        Plaintiff,                       CIV. NO. S- 07-0291 FCD GGH PS

   vs.

CALIFORNIA LICENSED VOCATIONAL
NURSES ASSOCIATION, INC., et al.,

        Defendants.                 FINDINGS & RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for May 29, 2008, was defendants' amended motion to dismiss, filed April 23, 2008. Plaintiff, proceeding pro se, did not file an opposition, and did not appear for hearing.[1] Upon review of the motion and the documents in support, and good cause appearing therefor, the court issues the following findings and recommendations.

\\\\\

\\\\\

---

[1] Plaintiff has now retained counsel; however, the court finds no reason to change its opinion based on this turn of events. Defendants have had to endure the lack of prosecution and plaintiff's sanctionable conduct for some time now and should not be penalized further because plaintiff has once again, and finally, retained counsel.

1

BACKGROUND

This action was filed on February 13, 2007. Plaintiff alleges various violations in connection with her termination by defendant St. Joseph's Medical Center ("St. Joseph's") on August 14, 2006. As a licensed vocational nurse, plaintiff alleges defendant California Licensed Vocational Nurses Association, Inc. ("CLVNA") denied her fair representation by failing to file a grievance on her behalf. She also alleges both CLVNA and St. Joseph's breached their collective bargaining agreement. Plaintiff seeks reinstatement of her job, immediate enforcement of the contract, and monetary damages.

On December 5, 2007, defendants noticed plaintiff's deposition. It was later continued to January, 2008 to allow for arbitration. In January, 2008, plaintiff terminated her counsel. On January 28, 2008 the court stayed discovery pending a ruling on plaintiff's counsel's motion to withdraw. On February 12, 2008, the court granted counsel's request to withdraw and continued the discovery cutoff to April 1, 2008. On February 22, 2008 defendants renoticed plaintiff's deposition for March 10, 2008. Plaintiff failed to appear. On April 15, 2008, upon motion by defendants, this court sanctioned plaintiff $6,880[2] for that failure, but did not compel plaintiff to attend another deposition because the discovery cutoff had already passed. Defendants now move to dismiss the case for failure to prosecute based on these facts, or in the alternative, to obtain relief from the scheduling order.

DISCUSSION

Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized

---

[2] According to defendants, plaintiff has not yet paid this sum.

by statute or Rule or within the inherent power of the Court." Finally, Local Rule 83-183, governing persons appearing in propria persona, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

By order of February 13, 2007, plaintiff was cautioned that "the failure to file an opposition or statement of non-opposition in accordance with L.R. 78-230(c) may be deemed consent to the granting of the motion and the court may dispose of the motion summarily." Plaintiff has filed no opposition, although court records reflect plaintiff was properly served with notice of the hearing date at plaintiff's address of record. Pursuant to this court's prior order and the local rules, therefore, the court deems the failure to file an opposition as a non-opposition to the pending motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[3] The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986).

In determining to recommend that this action be dismissed, the court has considered the factors set forth in Ghazali. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendant is prejudiced by the inability to reply to opposition.

---

[3] Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

Moreover, delay is nearly always prejudicial. The court has advised plaintiff of the requirements under the Local Rules and that this action is subject to dismissal, to no avail. The court therefore concludes that there is no suitable alternative less drastic sanction to dismissal.

Furthermore, a district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 633 (1962); <u>McKeever v. Block</u>, 932 F.2d 795, 797 (9th Cir. 1991). The public's interest in expeditious resolution of litigation and the court's need to manage its docket direct that this case be dismissed. Moreover, plaintiff has done nothing to lessen the risk of prejudice to the defendant, and has prevented this court from disposing of her case on the merits. The court has advised plaintiff of the Local Rules requirements, warned that this action is subject to dismissal, and given plaintiff ample opportunity to prosecute the action, all to no avail. The court therefore concludes that there is no suitable less drastic sanction. Plaintiff has failed to prosecute this action.

Moreover, the court has reviewed defendants' motion, and finds that it has merit.

<u>CONCLUSION</u>

Accordingly, IT IS RECOMMENDED that defendants' amended motion to dismiss, filed April 23, 2008, be granted and this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are

\\\\\

\\\\\

4

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/26/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076
Legaspi0291.mtd.wpd