UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VIRGINIA LEGASPI,

        Plaintiff,

   v.

CALIFORNIA LICENSED VOCATIONAL NURSES ASSOCIATION, INC., ST. JOSEPH'S MEDICAL CENTER, CATHOLIC HEALTHCARE WEST, INC., and DOES 1-10,

        Defendants.
_____/

NO. CIV. S-07-0291 FCD GGH

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on plaintiff Virginia Legaspi's ("Legaspi" or "plaintiff") motion for leave to file an untimely opposition to defendant Catholic Healthcare West, Inc., dba St. Joseph's Medical Center's ("St. Joseph's") motion to dismiss for failure to prosecute. St Joseph's opposes the

1

motion.  For the reasons set forth below,[1] plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff Legaspi filed a complaint in this action on February 13, 2007.  (Compl. [Docket #1], filed Feb. 13, 2007.) Subsequently, after defendants had filed answers to her complaint and the court issued a pretrial scheduling order, plaintiff's counsel, Jay Dyer ("Dyer") moved to withdraw as attorney of record.  (Mot. to Withdraw as Attorney [Docket #13, filed Jan. 17, 2008.)  Attached to his declaration in support of the motion, Dyer provided a letter, dated January 2, 2008, that he received from plaintiff Virginia Legaspi on January 3, 2008, which requested the immediate termination of Dyer's professional services.  (Ex. C to Decl. of Jay Dyer ("Dyer Decl."), filed Jan. 17, 2008).  Dyer also declared that he spoke to plaintiff on January 7, 2007, to (1) confirm her address; (2) confirm that she had not yet secured new counsel; and (3) inform plaintiff that he would be filing a motion to withdraw as well as a motion to extend the discovery deadline.  (Dyer Decl. ¶ 11).

On February 13, 2008, the court granted plaintiff's counsel's motion to withdraw and plaintiff Legaspi was substituted in propria persona.  (Order [Docket #22], filed Feb. 13, 2008.)  As such, and pursuant to Local Rule 72-302(c)(21), the case was referred to the assigned Magistrate Judge, Gregory G. Hollows, for case management and recommendation(s) to the

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

District Court Judge. (Id.)  That same day, the court also filed a stipulation and order, extending discovery deadlines, in part because scheduled depositions had not taken place as a result of plaintiff's termination of her counsel.  (Stipulation & Order [Docket #21], filed Feb. 13, 2008.)

On February 22, 2008, Nina Kani ("Kani"), counsel for St. Joseph's, caused plaintiff to be personally served with a Notice of Deposition at her residence, for a deposition set for March 10, 2008.  (Decl. of Nina Kani in Supp. of Def.'s Resp. to Pl.'s Objections to Magistrate Judge's Findings & Recommendations ("Kani Decl."), filed July 10, 2008, ¶ 7.)  Kani also served plaintiff with a letter explaining the obligation to appear for deposition and the potential consequences for failing to appear. (Id.)  On February 25, 2008, Kani sent an additional letter to plaintiff's residence, advising her of the continued obligation to supplement discovery requests and to produce records concerning her new employment at her deposition.  (Id. ¶ 8.) Kani attempted to reach plaintiff by telephone; she left two voicemails for Legaspi, requesting information as to whether plaintiff was available on the noticed date and/or whether plaintiff intended to appear.  (Id. ¶ 9.)

On March 10, 2008, Kani appeared for plaintiff's deposition. (Id. ¶ 10.)  Prior to going on the record, Kani attempted to reach Legaspi by telephone, but was unable to reach her.  (Id.) Kani waited for one hour, but plaintiff did not appear and did not otherwise contact her.  (Id.)

On March 17, 2008, Kani telephoned Legaspi at her home and left a voicemail requesting to meet and confer regarding her non-

3

appearance and to schedule a new date for her deposition. (Id. ¶ 12.) Kani advised plaintiff that she would seek relief from the court if plaintiff did not contact her. (Id.) Legaspi did not contact plaintiff that day.

On March 18, 2008, Kani again attempted to contact Legaspi at her home. (Id.) Plaintiff's husband gave her an alternate phone number. (Id.) Kani contacted Legaspi at this number. Legaspi advised Kani that she had retained new counsel, but refused to provide her with the attorney's name and indicated that she could not provide Kani with new dates for the deposition without conferring with her attorney. (Id.) Kani requested that Legaspi's counsel contact her by the close of business. Kani did not hear from plaintiff or plaintiff's counsel on that date. (Id.)

St. Joseph's filed a motion to compel plaintiff's deposition and a request for sanctions on March 18, 2008. (Mot. to Compel [Docket #23], filed Mar. 18, 2008.) Plaintiff did not contact Kani prior to the hearing on the motion. (Kani Decl. ¶ 13.) Legaspi also failed to appear at the hearing on the motion on April 10, 2008. (Id.)

On April 15, 2008, Magistrate Judge Hollows issued an order, granting sanctions in the amount of $6,880.00 against plaintiff that were to be paid within 20 days of the order. (Order [Docket #26], filed Apr. 15, 2008.) At the time of the order, the discovery deadline of April 1, 2008 had passed. (Kani Decl. ¶ 14.) Plaintiff failed to comply with the court's order to pay the sanctions within 20 days and delayed making payment for two months, until she retained counsel on June 16, 2008. (Decl. of

4

Virginia Legaspi in Supp. of Mot. for Leave to File Untimely Opp'n ("Legaspi Decl.") [Docket #45], filed July 8, 2008, ¶ 25.)

On April 21, 2008, St. Joseph's filed a Motion to Dismiss. (Id. ¶ 16.)  Pursuant to the Federal Rules of Civil Procedure and the local rules, plaintiff was required to file her opposition by May 9, 2008.  (Id.)  Legaspi failed to file any opposition. (Id.)  Neither plaintiff nor any representative of plaintiff attempted to contact St. Joseph's before the hearing.  (Id.)

On May 29, 2008, plaintiff failed to appear at the hearing on defendant St. Joseph's motion to dismiss.  (Id. ¶ 17.) Following the hearing, the court issued a minute order, stating that the case was recommended fo dismissal for plaintiff's failure to prosecute.  (Id.)

On June 16, 2008, Kani received a telephone call from Herman Franck ("Franck"), informing her that he had been retained by Legaspi.  (Id. ¶ 18.)  Kani advised Franck that a minute order had been issued in the case, recommending dismissal.  (Id.)

On June 26, 2008, Magistrate Judge Hollows issued his Findings and Recommendations ("F&Rs") on the Motion to Dismiss. (Findings & Recommendations ("F&Rs") [Docket #39], filed June 26, 2008.)  The Magistrate Judge acknowledged that plaintiff had retained counsel between the time of the hearing and the issuance of the F&Rs, but noted that he found no reason to change its opinion based upon these events because "[d]efendants have had to endure the lack of prosecution and plaintiff's sanctionable conduct for some time now and should not be penalized further because plaintiff has once again, and finally, retained counsel." (F&Rs at 1 n.1.)  Therefore, the Magistrate Judge recommended

that the case be dismissed for failure to prosecute.  Plaintiff filed objections to the F&Rs, arguing that the case should not be dismissed for the same reasons set forth in the motion before this court.  The district court has considered these objections.

On July 7, 2008, plaintiff filed a motion for leave to file an untimely motion to defendants' motion to dismiss based upon excusable neglect.

**ANALYSIS**

Plaintiff requests leave to file a late opposition to defendants' motion to dismiss on the grounds that her failure to do was the result of excusable neglect.  Specifically, in her declaration, Legaspi asserts that there was "a complete failure of communication" between her former counsel, Dyer, and herself, which led to his termination.  (Legaspi Decl. ¶¶ 10, 17.)  She also asserts that Dyer did not inform her of any settlement proceedings or of any pending deposition.  (Id. ¶ 14.)  Plaintiff acknowledges that she did not respond to a "series of court procedures" and has demonstrated a "lack of participation and diligence in this matter," but asserts that this will no longer be a problem due to her retention of current counsel.  (Id. ¶¶ 2, 24.)

> Rule 6(b) of the Federal Rules of Civil Procedure provides
>
> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. Proc. 6(b) (West 2008).  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  Pioneer Inv. Servs. Co. v

6

Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). However, it is an "elastic concept" not limited to omission caused by circumstances beyond the movant's control. Id. In determining whether neglect is excusable a court considers (1) prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the moving party; and (4) the good faith of the moving party. Id.; In re. Veritas Software Corp. Sec. Litig., 496 F.3d 962, 973 (9th Cir. 2007). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

Plaintiff's conduct in litigating this case is neither negligent nor excusable. Rather, since terminating her counsel in January 2008, plaintiff has willfully ignored both communications by defense counsel and orders of the court. Her belated apologies and subsequent retention of counsel, actions taken after suffering the consequences of her conduct, are insufficient to substantiate her claim of excusable neglect.

First, "a presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998). "The burden of production shifts to the defendant to show at least some actual prejudice" only where a plaintiff has come forth with an excuse for the delay that is anything but frivolous. Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980).

/////

1    Plaintiff filed her complaint in early 2007.  Defendants
2 engaged in discussions with plaintiff's former counsel, set forth
3 a discovery schedule, and noticed plaintiff's deposition.  Even
4 assuming that Dyer failed to communicate any of this to
5 plaintiff, the parties stipulated to continue discovery deadlines
6 and postponed the deposition date in light of plaintiff's in
7 propria persona status.  Further, after Dyer's withdrawal,
8 defendants made numerous attempts to contact plaintiff regarding
9 her deposition date and other continuing discovery obligations to
10 no avail.[2]  Defendants incurred costs in litigating this case
11 prior to Dyer's withdrawal, attending plaintiff's deposition, and
12 filing motions to compel and to dismiss.  The discovery deadline
13 of April 1, 2008 and the dispositive motion deadline of June 20,
14 2008 have long since passed.  (See Pretrial Scheduling Order
15 [Docket #8], filed July 17, 2007, at 3.)  Despite defendants'
16 efforts, plaintiff has failed to pursue litigation in this matter
17 for over four months, since February 13, 2008, when Legaspi was
18 substituted in propria persona.  As such, defendants have been
19 actually prejudiced by the costs they have incurred in attempting
20 to diligently litigate this case and by the delay caused by
21 plaintiff, including the expiration of all discovery and
22 dispositive motion deadlines.  Cf. Bateman v. U.S. Postal Serv.,
23 231 F.3d 1220, 1225 (9th Cir. 2000) (holding that the equities
24 weighed in favor of the movant where the request to file was made
25 twelve days after the order and discovery had closed only the
26 month before); Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753

---

[2] Plaintiff does not contend that she did not receive the voicemails or other correspondence from defendants.

8

(9th Cir. 2002) (finding excusable neglect where the parties stipulated to extend discovery, the delay was only five weeks, and there was no finding of bad faith or willfulness).[3]

   Second, plaintiff's conduct has resulted in substantial delay and a waste of judicial resources.  Months have passed without any advancement in the litigation.  Further, plaintiff failed to oppose or appear at the hearings on either the motion to compel or the motion to dismiss.  Plaintiff's opposition to the motion to dismiss at issue by this motion was due on May 9, 2008.  Neither the court nor defense counsel received any response to the motion to dismiss until, at best, June 16, 2008, over a month after the opposition was due and over two weeks after the hearing on the motion.  Plaintiff did not file the current motion until July 8, 2008.  At the time plaintiff filed this motion, all deadlines set forth in the court's pretrial scheduling order had passed; allowing plaintiff to litigate her claim now would require both the court and defendants to start back at square one.

   Third, the cause of plaintiff's delay in responding to the motion to dismiss was solely within her control.  Plaintiff terminated her attorney in January 2008.  Dyer spoke to plaintiff on January 7, 2008, confirming her address and that she had not yet secured new counsel.  (Order [Docket #22], filed Feb. 13,

---

[3] Moreover, plaintiff has failed to proffer a non-frivolous explanation for her failure, citing only that it took her a longer than expected to find an attorney after she fired Dyer without substitute counsel in place because she did not know that he had been taking steps in the litigation.  This is insufficient to rebut the presumption of prejudice to defendants.  See Hernandez, 138 F.3d at 401.

9

2008.) Plaintiff's decision to terminate her counsel before she had sought substitute counsel is a decision she made at her own peril. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("[P]ro se litigants are not excused from following court rules . . . ."). Moreover, plaintiff does not dispute that she had notice of her scheduled deposition, defendants' motion to compel, the hearing on the motion to compel, the court's order requiring her to pay sanctions within twenty days, defendants' motion to dismiss, or the hearing on the motion to dismiss. Rather, plaintiff simply ignored them. See Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 887 (9th Cir. 2001) (holding that failure of a litigant to property read or understand the applicable rule does not constitute excusable neglect).

Finally, plaintiff's actions were not taken in good faith. Defendants made numerous attempts to contact plaintiff after she terminated her attorney. As set forth above, plaintiff does not dispute that she had knowledge of defendants' actions and the court's hearings and orders in this case. In issuing its order regarding the motion to compel and request for sanctions, the Magistrate Judge noted:

> plaintiff's actions are so egregious that if defendants had requested sanctions under 28 U.S.C. § 1927, the court would consider granting them, based on plaintiff's "bad faith in multiplying the proceedings in this case unreasonably and vexatiously."

(Order [Docket #26], filed Apr. 15, 2008, at 3 n.3. (quoting Wages v. I.R.S., 915 F.2d 1230, 1235-36 (9th Cir. 1990).) Plaintiff admits that she demonstrated a lack of participation and diligence in knowingly failing to respond to correspondence

10

1  with counsel and court orders.  Such blatant disregard of
2  discovery requests and court proceedings is neither simple
3  negligence, nor excusable conduct.  <u>See</u> <u>In re Veritas</u>, 496 F.3d
4  at 974 (affirming the district court's decision that plaintiff's
5  counsel's deliberate choice to postpone the fee application based
6  upon the "awkward" procedural posture of the case "was not
7  neglect" and "certainly not a compelling showing of good cause").

8     Plaintiff asserts that retention of counsel justifies a
9  "second chance" at litigating this case.  (<u>See</u> Decl. of Herman
10 Franck in Supp. of Mot. for Leave to File Untimely Opp'n
11 ("Franck" Decl.") [Docket #46], filed July 8, 2008, ¶ 14.)
12 However, lack of representation is no excuse for failure to
13 prosecute one's case, particularly where plaintiff voluntarily
14 chose to terminate counsel without substitute counsel in place
15 and both the court and defendants have given plaintiff ample
16 notice of her obligations.  Moreover, plaintiff requests more
17 than a *second* chance.  Plaintiff's failure to file an opposition
18 to defendants' motion to dismiss is not her first failure to
19 respond in this matter; rather, plaintiff has disregarded the
20 entirety of the court's scheduling order, including all discovery
21 and dispositive motion deadlines.

22    Therefore, considering the totality of the circumstances,
23 the court holds that plaintiff's failure to file a timely
24 opposition to defendants' motion was not the result of excusable
25 neglect.  As such, plaintiff's motion for leave to file an
26 untimely opposition pursuant to Rule 6(b) is DENIED.

27    With respect to the F&R's filed by Magistrate Judge Hollows
28 on June 26, 2008, this court reviews de novo those portions of

the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981).  As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law.  See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).  The Magistrate Judge's conclusions of law are reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

    The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the F&Rs in full.  Accordingly,

    1.    The Findings and Recommendations filed June 26, 2008, are ADOPTED;

    2.    Defendants' amended motion to dismiss, filed April 23, 2008, is GRANTED; and

    3.    This action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: September 3, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE